

2008 Decisions

Opinions of the United
States Court of Appeals
for the Third Circuit

1-10-2008

# In Re: Pgh Corning

Precedential or Non-Precedential: Non-Precedential

Docket No. 05-4781

Follow this and additional works at: http://digitalcommons.law.villanova.edu/thirdcircuit_2008

Recommended Citation

"In Re: Pgh Corning " (2008). *2008 Decisions.* Paper 1774.
http://digitalcommons.law.villanova.edu/thirdcircuit_2008/1774

This decision is brought to you for free and open access by the Opinions of the United States Court of Appeals for the Third Circuit at Villanova
University School of Law Digital Repository. It has been accepted for inclusion in 2008 Decisions by an authorized administrator of Villanova
University School of Law Digital Repository. For more information, please contact Benjamin.Carlson@law.villanova.edu.

NOT PRECEDENTIAL

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT

No. 05-4781

IN RE:  PITTSBURGH CORNING CORPORATION

MT. MCKINLEY INSURANCE COMPANY,
f/k/a Gilbraltar Casualty Company;
EVEREST REINSURANCE COMPANY,
f/k/a Prudential Reinsurance Company,
                                                                     Appellants

Appeal from the United States District Court
for the Western District of Pennsylvania
(D.C. Civil No. 04-cv-01814)
District Judge:  Honorable Joy F. Conti

Argued October 31, 2007

Before:  RENDELL and NYGAARD, Circuit Judges,
and VANASKIE*, District Judge.

(Filed:  January 10, 2008)

James R. Walker
Manion, McDonough & Lucas
600 Grant Street
Suite 1414
Pittsburgh, PA  15219

_____

*Honorable Thomas I. Vanaskie, Judge of the United States District Court  for the
Middle District of Pennsylvania, sitting by designation.

David P. McClain     **[ARGUED]**

McClain & Patchin
711 Louisiana Street
Suite 3100
Houston, TX 77002

Kenneth L. Cannon, II
Durham Jones & Pinegar
111 East Broadway, Suite 900
Salt Lake City, UT 84111
    *Counsel for Appellants*

David Ziegler     **[ARGUED]**
Reed Smith
435 Sixth Avenue
Pittsburgh, PA 15219
    *Counsel for Appellee*
    *In Re: Pittsburgh Corning Corp.*

Michael A. Shiner
Tucker Arensberg
1500 One PPG Place
Pittsburgh, PA 15222
    *Counsel for Appellee*
    *London Market Ins.*

Sander L. Esserman     **[ARGUED]**
Stutzman, Bromberg, Esserman & Plifka
2323 Bryan Street, Suite 2200
Dallas, TX 75201-2689
    *Counsel for Appellee*
    *Silber Pearlman*

Robert S. Bernstein
Bernstein Law Firm
707 Grant Street
Suite 2200, Gulf Tower
Pittsburgh, PA 15219
    *Counsel for Appellee*
    *Baron & Budd PC*

Robert Jacobs

Jacobs & Crumplar
2 East 7th Street
P.O. Box 1271
Wilmington, DE  19899
   *Counsel for Appellee*
   *Jacobs & Crumplar PA*

Philip E. Milch
Campbell & Levine
330 Grant Street
1700 Grant Building
Pittsburgh, PA  15219

Peter V. Lockwood
Caplin & Drysdale
One Thomas Circle, N,.W.
Washington, DC  20005
   *Counsel for Appellee*
   *Official Committee of Asbestos*
   *Claimants of Pittsburgh*
   *Corning Corporation*

---

OPINION OF THE COURT

---

RENDELL, *Circuit Judge*.

Appellants Mt. McKinley Insurance Company, Everest Reinsurance Company, Certain Underwriters at Lloyd's, London, and certain London Market Companies (collectively "Appellants") appeal from the District Court's September 27, 2005 Memorandum Order, dismissing their appeal from the Bankruptcy Court's October 22, 2004 Revised Order Requiring Filing of Statements Pursuant to Fed. R. Bankr. P. 2019 ("Rule 2019 Order").  The District Court held that Appellants lacked standing to appeal

the Bankruptcy Court's Rule 2019 Order and, further, that the appeal was not ripe for review.  For the reasons stated below, we will affirm.

## DISCUSSION[1]

This appeal centers around Bankruptcy Rule of Procedure 2019 ("Rule 2019"), which requires "every entity or committee representing more than one creditor or equity security holder" to file, *inter alia*, "a copy of the instrument, if any, whereby the entity . . . is empowered to act on behalf of creditors."  Fed. R. Bankr. P. 2019(a).  The Bankruptcy Court fashioned an order that allowed law firms to file "exemplars" of their empowering documents and required anyone who wished to view the Rule 2019 submissions to file a motion with the court to gain permission.  Upon appeal to the District Court, Appellants argued that the Bankruptcy Court erred in (1) failing to require strict compliance with Rule 2019 by authorizing the filing of exemplars, as opposed to actual copies, of the relevant empowering documents (hereinafter "strict compliance challenge"), and (2) permitting access to the Rule 2019 submissions only upon motion and order of the court (hereinafter "access challenge").[2]  Pittsburgh Corning Corporation, the Official

---

[1]The facts underlying this dispute were well catalogued by the District Court in its September 27, 2005 Memorandum Order.  *See In re Pittsburgh Corning Corp.*, No. 2:04-cv-01814, slip. op. at 1-8 (W.D. Pa. Sept. 27, 2005) ("Dist. Ct. Op.").  As we write for the benefit of the parties alone, we include only those facts necessary for the disposition of this appeal.  Our resolution of the issues was aided not only by a review of the record, briefs, and case law, but also by oral argument.

[2]We note that Appellants are not creditors of the Debtor and do not hold equity interests in the Debtor.

Committee of Asbestos Creditors, the Future Claimant's Representative, Baron & Budd, P.C., and Silber Pearlman LLP (collectively "Appellees") filed briefs in opposition.

On September 27, 2005, the District Court dismissed the appeal, holding that (1) Appellants lacked "aggrieved persons" standing to assert their access challenge, as they had "not yet sought access or been denied access" to the Rule 2019 submissions, Dist. Ct. Op. at 17; and (2) in the alternative, the matter itself was not ripe for review. The District Court failed, however, to address Appellants' strict compliance challenge.

Because we find no error in the District Court's resolution of Appellants' access challenge, we will discuss it no further here. Thus, the only issue that remains is whether Appellants can pursue their strict compliance challenge. This involves a determination as to whether they are "persons aggrieved" vis a vis the non-access related aspects of the Bankruptcy Court's Rule 2019 Order.[3] We hold that they are not.

In order to have standing to appeal in the bankruptcy context, a party must meet

---

[3]While "[o]ur review of ripeness and standing determinations is plenary," *Presbytery of N.J. of Orthodox Presbyterian Church v. Florio*, 40 F.3d 1454, 1462 (3d Cir. 1994), the question of whether someone is a "person aggrieved" is normally one of fact for the district court, reviewed for clear error, *In re Combustion Engineering, Inc.*, 391 F.3d 190, 214 (3d Cir. 2004).

Though the District Court did not make a "persons aggrieved" finding with respect to Appellants' strict compliance challenge, because the record contains the requisite facts, we find it proper to supplement the "persons aggrieved" finding, *ab initio*, on appeal. *See In re Dykes*, 10 F.3d 184, 188 (3d Cir. 1993) ("Because the relevant facts and necessary evidence are clearly before us and not in dispute, we consider it proper to address the issue ourselves."). Were we to determine, however, that Appellants have standing to move forward with the remaining aspect of their appeal, we would remand to the District Court for consideration on the merits.

the "persons aggrieved" test. *See, e.g.*, *Dykes*, 10 F.3d at 187. According to our precedent, "[l]itigants are 'persons aggrieved' if the [challenged bankruptcy] order diminishes their property, increases their burdens, or impairs their rights.'"[4] *Id.* "This restrictive approach to bankruptcy appellate standing contrasts with the broad right of participation in the early stages of a bankruptcy proceeding." *Combustion Eng'g*, 391 F.3d at 214 n.21. Thus, while it may have been—and continue to be—appropriate for Appellants to participate in the underlying bankruptcy proceedings, they are nonetheless without standing to appeal from the Rule 2019 Order unless they can show that they are directly and adversely affected by that order. *See id.* at 215 ("[W]e have denied standing to parties involved in bankruptcy proceedings 'who, even though they may be exposed to some potential harm incident to the bankruptcy court's order, are not 'directly affected' by that order.'" (quoting *Travelers*, 45 F.3d at 741)). We hold that they are not so affected.

Appellants simply have not explained how the Rule 2019 Order—the only order from which they appeal—directly aggrieves them. Though they vaguely argue that the Rule 2019 Order limits their rights "by preventing them from obtaining information that

[4]"Originally set forth in the Bankruptcy Act of 1898, the 'persons aggrieved' test now exists as a prudential standing requirement that limits bankruptcy appeals to persons whose rights or interests are directly and adversely affected pecuniarily by an order or decree of the bankruptcy court." *In re Combustion Eng'g, Inc.*, 391 F.3d at 214 (internal footnotes and quotation marks omitted)). The "persons aggrieved" standing requirement in the bankruptcy appellate context is more restrictive than Article III standing, which "need not be financial and need only be 'fairly traceable' to the alleged illegal action." *Travelers Ins. Co. v. H.K. Porter Co.*, 45 F.3d 737, 741 (3d Cir. 1995) (citation omitted).

could reveal unethical procedures or conflicts of interests on the part of plaintiffs' lawyers" (Appellants' Br. 36), Appellants merely speculate that there are any unethical procedures or conflicts of interest to reveal.[5] They do not point us to even one actual ethical violation or conflict of interest extant in the filings and have failed to investigate these issues so as to support their contention.[6]

Appellants also lodge what appears to be a collateral attack on the Plan itself, alleging that "the Plan seeks to prejudice Appellants" (Appellants' Br. 3) and that, if confirmed, the Plan "would strip Appellants of their contractual right to investigate and withhold payment of . . . improper or even fraudulent asbestos claims" (*id.* at 2). As Appellants are well aware, this is not the appropriate time, nor the appropriate avenue, for

---

[5]Appellants contend that, were they to have access to the Rule 2019 disclosures *and* were those disclosures to uncover fraud and/or a conflict of interest, Appellants would have a basis upon which to invalidate the ballots voted on the Second Amended Plan of Reorganization ("the Plan") or to sanction offending counsel. While we express no opinion as to whether Appellants would have "aggrieved persons" standing to challenge these orders, we note that no appeal has been taken from: (1) the Bankruptcy Court's May 11, 2004 order, denying the Certain Underwriters at Lloyd's London and Certain London Market Insurers' Motion to Determine Standing or in the Alternative to Intervene, insofar as it alleged standing and/or intervention regarding the ballots of the Plan; and (2) the Bankruptcy Court's November 2, 2004 order, denying the Certain Underwriters at Lloyd's London and Certain London Market Insurers' request to invalidate ballots for failure to comply with Rule 2019 and denying, without prejudice, their request for sanctions for failure to comply with Rule 2019.

[6]For this reason, this case is distinguishable from *In re Congoleum*, 426 F.3d 675 (3d Cir. 2005)—upon which Appellants so heavily rely—as the facts necessary to find that an actual conflict of interest existed had already been developed and left no room for speculation.

7

challenging the substance of the Plan.[7] The harm alleged is simply too far removed from the 2019 Order and too speculative at this point in the proceedings to be the basis for appellate standing. Accordingly, as Appellants cannot demonstrate that they are "persons aggrieved," we conclude that they do not have standing to challenge the Bankruptcy Court's Rule 2019 Order.

## CONCLUSION

For the reasons set forth above, we will affirm the order of the District Court.

---

[7]We note that the Bankruptcy Court has denied confirmation of the Plan and is now considering motions for reconsideration.